No. 03-827

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 55N

DARRELL GENE HOWE,

       Petitioner and Appellant,

   v.

STATE OF MONTANA,

       Respondent and Respondent.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DV 2003-210(B),
Honorable Katherine R. Curtis, Presiding Judge

COUNSEL OF RECORD:

       For Appellant:

       Darrell Gene Howe, Pro Se, Deer Lodge, Montana

       For Respondent:

       Honorable Mike McGrath, Attorney General; Jennifer Anders,
Assistant Attorney General, Helena, Montana

       Ed Corrigan, County Attorney, Kalispell, Montana

Submitted on Briefs:  May 11, 2004

Decided:  March 8, 2005

Filed:

_____
Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2    Darrell Gene Howe (Howe) appeals from the order entered by the Eleventh Judicial District Court, Flathead County, dismissing his petition for postconviction relief. We affirm.

¶3    The following issue is presented on appeal:

¶4    Did the District Court err in dismissing Howe's petition for postconviction relief?

**FACTUAL AND PROCEDURAL BACKGROUND**

¶5    In 1993, Howe was convicted of sexual intercourse without consent by guilty plea in the Eleventh Judicial District Court, Flathead County (District Court), and was sentenced to 40 years in the Montana State Prison. He was designated a "dangerous offender," and his sentence included a parole eligibility restriction. Howe subsequently filed a motion to delete the parole eligibility restriction, and his motion was granted. Thereafter, Howe petitioned for sentence review, and the Sentence Review Board reinstated the parole eligibility restriction.

¶6    In 1996, Howe filed a petition for postconviction relief in the District Court seeking reinstatement of his "original" sentence, that is, the sentence as amended by the District Court after sentencing without the parole restriction. The State and Howe subsequently entered a stipulation in September 1997 (1997 Stipulation) for reinstatement of Howe's original sentence in exchange for a dismissal of Howe's other claims. Pursuant thereto, the

2

District Court entered an order in the criminal proceeding on September 18, 1997, reinstating Howe's sentence with no parole restriction, but the postconviction relief proceeding was not formally dismissed.

¶7     In August 2001, Howe filed a petition for a writ of habeas corpus with this Court, challenging his dangerous offender status in light of the 1995 Montana Legislature's repeal of the "dangerous offender" statute.  Howe also asserted that the sentencing judge failed to disclose his relationship with a witness which constituted judicial bias in violation of Howe's due process rights.  On October 30, 2001, this Court dismissed the petition for failure to state a claim, and noted that habeas relief is not available to collaterally attack the validity of a conviction or sentence.

¶8     In January 2002, Howe filed a petition for a writ of federal habeas corpus in the United States District Court, Missoula Division (U.S. District Court).  The U.S. District Court dismissed Howe's habeas petition without prejudice because it concluded that the 1996 postconviction proceeding was never formally dismissed, and that Howe must first exhaust all state law remedies prior to seeking relief in federal district court.  In April 2003, Howe filed a motion to "correct illegal sentence as result of stipulation hearing," and to "amend other issues" in the District Court, which the District Court designated as a petition for postconviction relief.  On October 20, 2003, the District Court issued an order dismissing with prejudice: (1) Howe's April 2003 "designated" petition for postconviction relief; and (2) Howe's original 1996 petition for postconviction relief.

¶9     On November 3, 2003, Howe filed a notice of appeal.

**STANDARD OF REVIEW**

¶10     This Court reviews a district court's denial of a petition for postconviction relief to determine whether the district court's findings of fact are clearly erroneous and whether its

3

conclusions of law are correct. *State v. Root*, 2003 MT 28, ¶ 7, 314 Mont. 186, ¶ 7, 64 P.3d 1035, ¶ 7 (citing *State v. Wright*, 2001 MT 282, ¶ 9, 307 Mont. 349, ¶ 9, 42 P.3d 753, ¶ 9).

## DISCUSSION

**¶11** **Did the District Court err in dismissing Howe's petition for postconviction relief?**

**¶12** Howe argues that the District Court "abused its discretion" when it failed to consider and delete the dangerous offender designation under his sentence. Howe explains that the District Court had the jurisdiction to hear the issue and that it erred when it "closed out a case," when it knew that a portion of the sentence was illegal due to the repeal of § 46-18-404, MCA.

**¶13** The State responds by arguing that the only question before the District Court was whether Howe had any remaining state law remedies that could be exhausted. The State notes that the District Court, in its October 2003 order, concluded that the 1997 Stipulation which resulted in the order revising Howe's sentence was a final resolution of the 1996 postconviction proceeding, determined that there were no further state law remedies available, and dismissed all pending matters. Therefore, the State argues that this Court should not address any of Howe's arguments on the merits of his claims, and affirm the dismissal of Howe's petitions for postconviction relief.

**¶14** Pursuant to § 46-21-105(1), MCA, "all grounds for relief claimed by a petitioner . . . must be raised in the original or amended original petition. The original petition may be amended only once." Thus, all subsequent petitions are subject to dismissal unless the petition alleges grounds for relief that could not reasonably be raised in the original petition. *Root*, ¶ 14. As the District Court noted in its order, Howe's 1996 petition for postconviction relief was fully resolved by the 1997 Stipulation and the District Court's order of September 18, 1997. Because Howe's motion to "correct illegal sentence as result of stipulation

4

hearing" is based upon the same grounds set forth in his 1996 petition for postconviction relief, and because the 1997 Stipulation and 1997 order fully resolved the issues raised therein, we conclude the District Court did not err in dismissing both petitions with prejudice.

¶15    Affirmed.

/S/ JIM RICE

We Concur:

/S/ KARLA M. GRAY
/S/ JAMES C. NELSON
/S/ W. WILLIAM LEAPHART
/S/ JOHN WARNER